OF THE

## STATE OF MISSOURI

AT THE

### OCTOBER TERM, 1925.

*(Continued from Vol. 311)*

F. W. HUDGINS et al., Appellants, v. MOORESVILLE CONSOLIDATED SCHOOL DISTRICT et al.

Division Two, December 22, 1925.

1. **STATUTE: Directory or Mandatory.** Statutes are either mandatory or directory. If mandatory, they not only require the doing of the things specified, but prescribe the result to follow if they are not done; if directory, their terms are limited to what is required to be done.

2. ———: **Pertaining to Public Schools: Directory.** The statute authorizing the board of directors of a consolidated school district to elect a clerk, or secretary, is not only directory, but is to be liberally construed.

3. ———: ———: **Bond Election: Notice by Temporary Clerk.** The duty is devolved by statute (Sec. 11127, R. S. 1919) upon the board of directors of a consolidated school district to publish notice of an election to authorize the issuance of bonds, and the clerk through whom the board acts in giving the notice is merely the board's instrumentality. The board by order entered of record

(1)

312 Mo. Sup.—1.

Hudgins v. Consolidated School District.

having declared the regular clerk was ill and unable to perform his duties as such and having elected another to discharge the duties pertaining to the office temporarily, the fact that the temporary clerk as "clerk *pro tem*" signed and posted the notices of an election, ordered by the board, to authorize the issuances of bonds, in no wise affected the validity of the election, or of the bonds authorized by more than two-thirds of the qualified voters voting at the election.

4. **BONDS: School District: To Furnish Building.** Under the Constitution the board of directors of a school district may order an election to authorize the issuance of bonds "for the purpose of purchasing a site, erecting a school building and furnishing the same." The bond issue is not invalid because the order and the proposition submitted to the qualified voters contained the words "and furnishing the same."

5. ———: ———: **Constitutional Interpretation: Implications.** In the power given by the Constitution to a school district to incur an indebtedness for the erection of a school house, is implied the incidental power to include as a part of the indebtedness provision to furnish the house. The power granted carries with it, incidentally or by implication, the further power to render effective the one expressed.

6. ———: ———: **Excessive Indebtedness: Annual Levy.** Under Section 12 of Article 10 of the Constitution a school district, having no indebtedness, may incur an indebtedness limited to five per cent of the value of the taxable property in the district. The indebtedness authorized by said section is for the erection of school houses, and is not restricted by Section 11 or other provisions authorizing an annual levy for operating school purposes.

Evidence, 23 C. J., Section 1810, p. 59, n. 22; Section 1881, p. 91, n. 44 New; Section 1986, p. 161, n. 79 New. Qui Haeret in Litera, etc. 32 Cyc., p. 1392, n. 12. Schools and School Districts, 35 Cyc., p. 988, n. 70; p. 989, n. 72; p. 991, n. 90. Statutes, 36 Cyc., p. 973, n. 7; p. 989, n. 72, 79; p. 1113, n. 84; p. 1157, n. 2 New; p. 1159, n. 23, 27 New; p. 1160, n. 27 New; p. 1174, n. 78; p. 1175, n. 79.

Appeal from Livingston Circuit Court.—*Hon. Guy Park,* Judge.

AFFIRMED.

*June Curtis Voorhees* and *Davis & Ashby* for appellants.

(1)   Section 11127 (R. S. 1919) makes it the duty of the clerk to sign and post the notices of the election. State v. Ry. Co., 75 Mo. 528; McPike v. Pen., 51 Mo. 64; State ex rel. v. Martin, 83 Mo. App. 55.   (a) H. S. Fahey, the acting clerk *pro tem*, signed and posted the notices in his own name calling the election to vote upon the bonds, and while said notices of said election could have been signed and posted by the said H. S. Fahey, yet, he could only do so in the name of J. E. Fahey, the regular clerk. Riggs v. Polk Co., 96 Pac. 5; Commonwealth v. Barrett, 17 S. W. 336; Swenson v. Mc-Laren, 21 S. W. 300; City of New Port v. Glazier, 104 S. W. 774.   (b)   J. E. Fahey's term of office had not expired and he did not resign, nor was the office declared vacant and he was not removed by the board and he remained the regular clerk and held the title to the office, and as Section 11240 (R. S. 1919) subjects the clerk to the same liabilities as clerk of the school boards of other districts, he could only be removed from office as is provided by Section 11217.   (c)   The clerk of the school board is a public officer. State ex rel. v. Parker, 188 Mo. 526.   (d)   There cannot be an officer *de jure* and an officer *de facto* both in possession of the same office at the same time.   State ex rel. v. Dorton, 145 Mo. 304.   (e)   When an official act is performed by a deputy or an officer acting temporarily for and on behalf of the officer holding the title to the office the said acts of the inferior officer must be done in the name of the superior officer.   Murdock v. Hillyer, 45 Mo. App. 287; Stucker v. Thompson, 181 Mo. App. 518; State ex rel. v. Fisher, 230 Mo. 339; Biggers v. Winkles, 124 Ga. 990.   (2)   Section 11, Article 10, prohibits the school district from imposing a rate of taxes for school purposes for a single year in excess of forty per cent of the assessed valuation, but this may be increased to sixty-five cents for school purposes, upon a majority vote, and a further increase may be had upon a two-thirds vote to erect a public building.   These are the limitations of said Section 11, and the school district cannot

make a full levy for these purposes and then for the
same purpose become indebted and issue bonds under
Section 12, Article 10, even upon a two-thirds vote.
Arnold v. Hawkins, 95 Mo. 569; Black v. McGonigle, 103
Mo. 192; Barnard Co. v. Knox Co., 105 Mo. 382; Brooks
v. Schultz, 178 Mo. 222; Strother v. Kansas City, 283 Mo.
283.   (a)   It was clearly the intention of the framers
of the Constitution to place the public business of muni-
cipalities on a cash base, and to limit the ordinary ex-
penditures to the income and revenue for each year.
Secs. 11 and 12, Art. 10, Constitution; Book v. Earl, 87
Mo. 251; Trask v. Livingston Co., 210 Mo. 592; Holloway
v. Howell Co., 240 Mo. 613; State ex rel. Chariton Co. v.
Gordon, 265 Mo. 188; State ex rel. Clark Co. v. Hack-
man, 280 Mo. 696.   (b)   To become indebted and issue
bonds for the purpose of raising funds with which fur-
niture is to be bought for the school house and the in-
creasing of the tax rate to pay such indebtedness over
and above that permitted under Section 11, Article
10, is in conflict with the spirit of said section and vi-
olates it.   This is so even upon a two-thirds vote.   When
a school district has levied the maximum rate permitted
by said Section 11, for school purposes, it cannot increase
said maximum rate for said same purpose.   Brooks v.
Shultz, 178 Mo. 222; Strother v. Kansas City, 283 Mo.
283.   (c)   School purposes are not within the purview of
public buildings.   C. & A. Ry. Co. v. People, 163 Ill. 616;
Allen v. City of Burlington, 45 Vt. 211.   (d)   Nor is the
furnishing of a school house within the purview of public
buildings, but furnishing is held to be a school purpose.
Herrington v. Hopkins, 288 Mo. 1; Jacobs v. Cauthorn,
293 Mo. 154.

*Kitt & Marshall* and *Bowersock & Fizzell* for re-
spondents.

(1)   This election was held and bonds voted under
the provisions of Section 11127, Revised Statutes 1919,
and Section 12 of Article 10 of the Constitution of Mis-

souri.   Consolidated school districts are authorized to vote bonds under this provision.     State ex rel. Clark v. Gordon, 261 Mo. 631.   (2)  The purposes for which these bonds were being issued come within the purposes named in the statute.   There is, of course, no necessity that the purpose for which the bonds are to be issued should be stated in exactly the same language as that used in the statute, and this cannot affect the legality of the proceedings if the purposes for which the bonds are being issued do actually come within the purposes named in the statute.   Sec. 11127, R. S. 1919; Beauchamp v. Consolidated School Dist., 247 S. W. 1004.   (3)   School matters are handled by laymen not versed in law or the technicalities thereof, and the school law and statutes governing school matters are designed as a workable method for carrying into effect the wishes of plain, honest, worthy citizens not specially learned in the law and no strict or technical construction is to be put upon it. State ex rel. Morrison, v. Sims, 201 S. W. 910; State ex inf. v. Jones, 266 Mo. 191; State ex inf. v. Clardy, 267 Mo. 371; State ex rel. v. Job, 206 Mo. 34.   (4)  Elections will not be held invalid because of trifling irregularities which did not have the affect of influencing the result of the election.  Breuninger v. Hill, 277 Mo. 239; State ex rel. City of Memphis v. Hackman, 273 Mo. 670.   (5)  The provision of Section 11127, Revised Statutes 1919, relative to who shall sign and post the notice is directory, and not mandatory.  The fact that notice shall be given is substantive, but if notice is given for the required length of time as provided by the statute and nobody is deceived thereby, and there has been a substantial compliance with the statute, it is sufficient.  Sanders v. Lacks, 142 Mo. 263; State v. Gackman, 202 S. W. 7; State ex rel. School Dist. v. Cloud, 192 Mo. App. 322; State v. Swearingen, 128 Mo. App. 606; State ex rel. Richart v. Stouffer, 197 S. W. 248; State ex inf. v. Bird, 295 Mo. 344; State ex inf. v. Foxworthy, 256 S. W. 466; State ex rel. v. Speer, 284 Mo. 47; Hehl v. Guion, 155 Mo. 83; State ex inf. v. Roberts, 153 Mo. 112; Ex parte Harvey Leach, 149 Mo. App. 328. (a) Statutes relating to schools and school districts are

given a liberal construction. State ex inf. v. Morgan, 268 Mo. 266; State ex rel. v. Job, 205 Mo. 34; State ex rel. v. Andrae, 216 Mo. 637. (b) Whether a provision in a statute is mandatory or directory is to be determined by the character and purpose of the statute. If no substantial right depend upon it and no injury can result from ignoring it, and the purpose of the Legislature can be accomplished in a manner other than as prescribed therein and substantially the same result obtained, then the statute will generally be regarded as directory. Bituminous Paving Co. v. McManus, 144 Mo. App. 594. (c) Whether a particular statute or part thereof is mandatory or directory does not depend upon its form, but on the intention of the Legislature, to be ascertained from a consideration of the entire act, its nature, its object, and the consequences that would result from construing it one way or the other. 36 Cyc. 1157, sec. 8; 25 R. C. L. p. 772, sec. 19. (d) As to mandatory and directory statutes, it is said that when the provision of the statute is the essence of the thing required to be done it is mandatory, but when it relates to form and manner is directory. 3 Bouvier's Law Dictionary (3 Rev.), p. 3130; Davis v. Smith, 58 N. H. 17. (6) Section 11 of Article 10 of the Constitution of Missouri applies only to the annual rate or annual levy for general operating purposes for the school year, and limits the annual levy for general school purposes. This section provides the rate may be increased above the limited rate for general school purposes, for the purpose of erecting public buildings in the school district, when submitted to the people and two-thirds of the voters voting favor it. Section 12, Article 10, provides for the creating of an indebtedness to an amount not exceeding five per cent on the value of the taxable property in the district; the provisions of this section are self-enforcing and empower the governing body to levy a tax sufficient to pay the interest on the indebtedness and create a sinking fund with which to retire same. This levy may be made in addition to any annual levy made under the provisions of Section 11, Ar-

ticle X, for general purposes. State ex rel. Clark Co. v. Hackman, 280 Mo. 686; State ex rel. Wahl v. Speer, 284 Mo. 45; State ex rel. Audrain Co. v. Hackman, 275 Mo. 534; Lamar Co. v. City of Lamar, 128 Mo. 188, 140 Mo. 145; Water Co. v. City of Aurora, 129 Mo. 540; State ex rel. Miller v. Ry. Co., 164 Mo. 208; City of Lexington ex rel. v. Bank, 165 Mo. 671; State ex rel. v. Neosho, 203 Mo. 40. (7) The provision of Section 11, Article X, of the Constitution, providing that the rate of taxation may be increased in counties, cities or school districts, "for the purpose of erecting public buildings" when approved by two-thirds of the votes at an election, carries with it the right to purchase a site and furnish the building. State ex rel. Wahl v. Speer, 284 Mo. 45; Beauchamp v. Consolidated School Dist., 297 Mo. 73.

WALKER, P. J.—This is a suit brought by certain taxpayers of a consolidated school district, in Livingston County against the board of directors of said district and the other officials of same, and a bank named and the County Clerk of Livingston County. The purpose of this action is to have declared invalid the proceedings had to authorize the issue of certain bonds of said district and to restrain the defendants from the issuance and delivery of same. Upon a hearing before the Circuit Court of Livingston County at its September term, October 20, 1924, there was a finding and judgment for the defendants and the petition was dismissed. From this decree the plaintiffs have appealed.

The respondent school district was organized in the year 1916, and is designated in the record of the proceeding as "Consolidated School District No. 3, of Livingston County," or in local nomenclature as the "Mooresville District." A special election was called in the district for January 12, 1924, to submit a proposition for the issuance of bonds in the sum of $35,000 for the purpose of purchasing a site and erecting a school building thereon and furnishing and equipping the same. At the time the order was made by the board of directors for

the publishing of the notices of the election to authorize this bond issue, the regularly elected clerk of the board was ill and unable to discharge his duties as such. Apprised of his condition the board made and entered of record an order declaratory of the inability of the clerk to act, and elected one H. S. Fahey to discharge the duties of such office until the regular clerk became able to perform the same. The notices of the election were posted and signed by H. S. Fahey, as clerk *pro tem.* No question is raised as to the sufficiency of the notices, either as to the time of their posting or the information they contained, other than the fact that they were made and signed by another than the regular clerk. The result of the election showed that more than two-thirds of the qualified voters of the district voted in favor of the proposed issuance of the bonds, and the proposition was, under the law, declared by the board to have been carried. On the 25th day of January, 1924, the board ordered the issuance of the bonds in the sum of $35,000, to consist of forty bonds, numbered from one to forty, in sums of five hundred dollars and one thousand dollars each, to be dated August 1, 1924, maturing semiannually and annually thereafter in twenty years and to bear interest at the rate of five and one-half per cent per annum, payable semiannually on the first days of February and August in each year. The interest was evidenced by coupons attached to each, and said bonds were sold to the defendant, the Fidelity National Bank Trust Company, of Kansas City, Missouri. The principal and interest on said bonds will in twenty years amount in the aggregate to the sum of fifty-nine thousand, two hundred and eighty-two dollars. To provide for the payment of the principal and interest a sinking fund was created by the board and a direct annual tax was levied upon the property of the district, and this action was certified to the County Clerk of Livingston County, one of the defendants, and a levy and extension on the taxable property of said district was made by said clerk as required by law. The assessed valuation of the taxable

property of the district was in excess of one million dollars and it had no indebtedness.

The assignments of error are:

1. That the notices of the election were not signed and posted by the clerk as required by Section 11127, Revised Statutes 1919;

2. That the $35,000 bond issue was in excess of the limit allowed by Sections 11 and 12 of Articles 10 of the Constitution of this State;

3. That the furnishing of the building could not be included in the proposition to issue the bonds and violated Section 11 of Article 10 of the State Constitution.

These in their order.

I. Under a general classification, statutes are either mandatory or directory; a determination of their character in this respect is of first importance in their interpretation. If mandatory, in addition to requiring the doing of the things specified, they prescribe the result that will follow if they are not done; if directory, their terms are limited to what is required to be done. [State ex rel. McAllister v. Bird, 295 Mo. 344.] The statutes (Sec. 11240, R. S. 1919) authorizing the board of directors of a consolidated school district to elect a clerk or, as therein designated, a secretary, does no more in the creation of that position than to confer the power upon the board to elect; the only limitations contained in the section being in regard to the time of payment of the compensations of the secretary and treasurer. Nor does the law defining the duty and power of a board of directors of a common school in the election and control of a clerk or secretary, made applicable by reference (Sec. 11240) to consolidated schools, do more than to prescribe the duties of such clerk (Sec. 11215), and to confer power upon the board to remove him for dereliction of duty (Sec. 11217). It appears, therefore, that these statutes, in so far as concerns the clerk or secretary of a board are clearly directory. The reasons for the absence from the statute of any provision which would authorize the classification

*Notice by Temporary Clerk.*

of the sections referred to as mandatory becomes even more evident when we consider the character of the duties required to be performed by the clerk or secretary. They are purely clerical (Sec. 11215). While the authority of the board to remove him (Sec. 11217) is unqualified, it is solely a power of the board and bears no such relation to the statutes defining his powers and duties as to change their character. Furthermore, while the duty devolving upon the board, under Section 11127, Revised Statutes 1919, to publish notices of an election to authorize the issuance of bonds, is a prerequisite to the validity of the proceeding, the consequent duty of the clerk, as the instrumentality through which the board acts in the performance of this duty, is directory. This is shown by the fact that while the duty is enjoined upon him to sign and post the notices, there is no provision invalidating the election if the duty is performed by some one else, nor is any penalty prescribed if the duty is performed by another than the clerk. The designation, therefore, of the clerk to perform this duty was intended to promote the convenience of the board in the performance of its obligatory duty. The essence or purpose of the statute requiring the publication of notices is to inform the taxpayers of the district of the proposed action of the board. That the notices posted conformed to the requirements of the statute, so far as concerns the information contained therein, is not disputed. That the voters of the district obtained this information is evident from the large vote cast at the election, there being only sixty-five qualified voters in the district who did not vote at the election; and more than two-thirds of those who voted favored the proposed action of the board. There is no claim nor could any substantial claim be made that any one was misled or did not cast his vote with a full knowledge of the purpose of the election. The sole claim made is that the action of the board is designating another than the regularly elected clerk to sign and post the notices invalidated the entire proceeding. The sustaining of this claim when reduced, not necessarily to its last, but

to any reasonable analysis, would in the absence of the regular clerk render any action of the board invalid. Such a construction is not entitled to serious consideration. Its statement, under the undisputed facts in this case, carries its own refutation on its face; and but serves to emphasize the result that would follow from a literal interpretation of statutes of this character, which, being remedial in their nature, are, in order to effectuate the purpose of their enactment, to be classified as directory and liberally construed. This construction is in harmony with what we said in State ex rel. McAllister v. Bird, 295 Mo. l. c. 352, "that school laws were designated as a workable method to be employed by plain, honest and worthy citizens, not especially learned in the law." Not alone in the Bird case, but in others construing the powers and duties of boards of consolidated and other school districts have we held that statutes in regard to same should be given a liberal construction. [State ex rel. Barrett v. Foxworthy, 301 Mo. 376; State ex inf. Wright v. Morgan, 268 Mo. 265; State ex rel. School Dist. v. Andrae, 216 Mo. l. c. 637; State ex rel. Fleener v. Cons. School Dist., 238 S. W. (Mo. App.) 819.]

We have not deemed it necessary to a proper disposition of the contention here made to discuss, in the light of the authorities, the right of the board in the event of the incapacity of the regular clerk to designate some one to discharge his duties. As we have indicated, to deprive the board of this power would result in defeating the purpose for which the consolidated district was formed, as it would render the erection of buildings and the furnishing of same impossible. Without buildings and their equipment the district, as an entity in our educational system, would be but a name. Under the recognized beneficent purpose of the public school system it was never intended by the Legislature that such a cheese paring construction of the statutes should be given recognition as to prevent the board from taking steps to effect the purpose for which the district was created.

The nature of the office of clerk and the character of the statutes creating his office and the importance of the duties of the board of directors, constrain us, without violating any rule of construction, to hold that the board was authorized, upon the inability of the clerk to perform his duties, to appoint another during such disability; and that the actions of the appointee, in conformity with the orders of the board are entitled to the same consideration in law and import a like validity to the notices of the election as if signed and posted by the regular clerk.

II.    It is also appellant's contention that the bond issue of $35,000 ordered by the board of directors "for the purpose of purchasing a site, erecting a school building, and furnishing the same" is within the prohibition of Section 11, Article 10 of the State Constitution. The contention, more specifically stated, is, that Bonded under Section 11, Article 10, the school district, out of its *annual revenue,* must provide funds for *furnishing* the school house and cannot issue bonds for that purpose; that the furnishing of a school building is a school purpose as specified in said Section 11, Article 10.

Bonded
Indebtedness:
Buildings and
Furniture.

The constitutional limitation in Section 11, as applied to a levy of taxes by school districts, has reference to the annual rate of such levy for school purposes for that year. By "school purposes" as the term is used in the Constitution, is meant such annual expenditures as are necessary to the conduct or maintenance of the school during the year. [C. & A. Ry. Co. v. People, 163 Ill. l. c. 621.]    The fixed rate in districts, as at bar, for school purposes, is forty cents on the hundred dollars' valuation of the property of the district.    This rate may be increased for the same purpose, by a majority vote of the people, to sixty-five cents on the hundred dollars' valuation.    These limitations, however, have no application to the creation of a debt for building purposes and the equipment of such buildings as may be erected.    The Constitution, in effect, so declares in providing that "for

the purpose of erecting public buildings . . . in school districts the rate of taxation herein limited may be increased when the rate of such increase and the purpose for which it is intended shall have been submitted to a vote of the people and two-thirds of the qualified voters of such . . . school district voting at such election shall vote therefor.''

Appellant's contention in this behalf, if it does no more, furnishes an italicized illustration of an attempt to apply the maxim of "*qui haeret in litera,*" etc., in the construction of Section 11, in that it "sticks in the bark." It has often been held here and elsewhere, not only in the construction of statutes but Constitutions, that they should be so construed as to aid and effectuate the purpose of their adoption. This beneficent and wholesome rule would cease to be applicable if the section be construed as contended by appellants. It would authorize the erection of a building, but leave it empty as the House of Usher, and thus defeat the purpose of its erection. GOODE, J., in an illuminating opinion in State ex rel. Wahl v. Speer, 284 Mo. 45, held, in effect, that the language of the Constitution (Sec. 11, Art. 10), which authorizes an increase in the indebtedness of a county for the erection of a courthouse, means not only that the money so voted can be used to construct the courthouse but also to acquire a site for it. The rule of interpretation being that a power granted carries with it, incidentally or by implication, powers not expressed, but necessary to render effective the one expressed; and that a courthouse cannot be erected without a site. By parity of reasoning while a school building may be erected without equipment the latter is vitally necessary to its use and without the same its erection would be futile and the purpose of its erection a useless formality.

The cases of Strother v. Kansas City, 283 Mo. 283, Harrington v. Hopkins, 288 Mo. 1, and Jacobs v. Cauthorn, 293 Mo. 154, relied upon by appellants as sustaining their contention that the constitutional provision in Section 11, Article 10, does not authorize the con-

struction we have given to it, will be found, upon an examination not parallel in their facts to those in the instant case. In the Strother case the power sought to be exercised was to impose a tax in excess of the constitutional limit to support the police department. In the Harrington case the increased levy was for the purpose of "repairing and furnishing" a building which had been erected and used. In the Jacobs case the increased levy was for a building and repair fund. In ruling that the levy was unauthorized it was expressly stated that if the increase had been for the erection of a building it would have been legitimate. The statement of the facts in these cases shows with sufficient clearness that they cannot, with a proper regard for the rules of construction, be held to sustain the appellant's contention.

Section 12 of Article 10 of the Constitution is also alleged to have been violated in the proceeding to increase the levy in the instant case. Section 12 provides not for annual rates for general purposes, but that an indebtedness may be incurred which, so far as applicable to school districts is concerned, is limited to five per cent on the value of the taxable property in the district. The assessed valuation of the district here involved being over a million dollars and having no other indebtedness, is far below the five per cent permitted by this section of the Constitution.

Annual Levy.

Finally, somewhat in recapitulation of what we we have said, if buildings had to be built out of the annual levy provided for in Section 11, and the district was required to operate on a cash basis, as contended by appellants, and could issue no bonds, create no indebtedness or borrow money, no buildings, whatever necessity for same might exist, could be erected. It is common knowledge that in the majority of school districts a levy of the maximum rate permitted by Section 11 is necessary for the general running and operating expenses of the schools. If therefore, the contentions of appellants in this regard were sustained, every bond is-

sue of every school district in Missouri, issued in the past, would be invalid. We hold, therefore, that the authority granted by the Constitution, when its requirements are complied with, to increase a levy for the erection of a school building, carries with it as a necessary sequence to its erection the right to furnish or equip the same. The judgment of the trial court should, as a consequence of this conclusion, be affirmed and it is so ordered. All concur.