[Civ. No. 7115. First Appellate District, Division Two.—December 3, 1929.]

HARRY L. HOFFMAN, Respondent, v. MERLE A. McNAMARA, Appellant.

Coleman E. Stewart for Appellant.

Robertson & Crawford for Respondent.

DOOLING, J., *pro tem.*—Appeal from a judgment for plaintiff against appellant, entered pursuant to the verdict of a jury, for damages received by plaintiff in a collision between a laundry truck driven by him and an automobile driven by appellant.

At the place of collision the main coast highway between Los Angeles and Santa Barbara runs approximately east and west and is crossed practically at a right angle by another public highway called Butterfly Lane.

Plaintiff and respondent on the morning of the collision was driving westerly on the coast highway and defendant and appellant drove northerly on Butterfly Lane and made a left-hand turn on to the coast highway. The two machines collided at a point on the coast highway about thirty feet westerly from the westerly line of Butterfly Lane projected across the coast highway.

Appellant contends: 1. That the trial court erred in denying her motion for a nonsuit; 2. That the trial court erred in denying her motion for a directed verdict; 3. That the verdict of the jury is not supported by the evidence and is against law; and 4. That the trial court erred in refusing to give two instructions proposed by appellant.

The first three points may be conveniently considered together, since they all rest upon the contentions that the evidence fails to show any negligence of appellant and affirmatively shows contributory negligence on the part of respondent.

Preliminarily we may dispose of the claim of appellant that a nonsuit should have been granted because of plaintiff's failure to prove that appellant was the person driving the automobile which collided with his truck. The failure of proof in this regard, if any theretofore existed, was cured by a stipulation between counsel that the evidence given by appellant in support of her cross-complaint should be considered as a part of plaintiff's case. Appellant herself testified that she was driving the automobile at the time of the collision.

We think the evidence was ample to support the finding that appellant was negligent. According to her own testimony appellant turned left from Butterfly Lane on to the coast highway by a course which took her consid-

erably to the left of the center of the intersection of the two. Respondent testified that he crossed the intersection at about fifteen miles per hour and was struck from the side and behind after he had completely passed the intersection. While appellant testified that she was only going five or six miles per hour at the moment of collision, the jury were not compelled to believe this, since it would be manifestly impossible for her to overtake and strike respondent at that rate of speed. From the evidence the jury may well have believed that the proximate cause of the collision was appellant's cutting the corner instead of turning to the right of the center of the intersection as the law required. This is clearly sufficient to support a finding that the collision was proximately caused by appellant's negligence. (*Pope* v. *Halpern*, 193 Cal. 168, 173 [223 Pac. 470].)

The claim that respondent was guilty of contributory negligence as a matter of law is based upon his testimony that as he approached and crossed the intersection of Butterfly Lane he did not look down Butterfly Lane to his left for approaching vehicles, but only looked the width of the coast highway. The court instructed the jury in this regard "that it was the duty of the plaintiff and cross-defendant as he approached the intersection of Butterfly Lane with the coast highway, to look both to the right and to the left to observe the presence of other automobiles approaching said intersection on Butterfly Lane and if you find that plaintiff and cross-defendant did not look to the left to obser 7e the approach of defendant's car as it approached said intersection and that it was possible for him to have looked and to have seen defendant's car approaching said intersection, then you must find as a matter of law that plaintiff and cross-defendant was negligent, and if you further find that such negligence in any degree contributed to the cause of the accident in this case, your verdict must be for the defendant, Merle A. McNamara."

This instruction stated the law as strongly in favor of appellant on this point as she was entitled to have it stated, and we must assume on appeal that the jury followed it and determined that the failure of respondent Hoffman to observe the approach of appellant's automobile was not a

proximate cause of the collision. This, in our judgment, they were entitled to do under the evidence.

From the evidence the jury may have concluded that even if respondent had seen appellant's car at or approaching the intersection he would have been justified in proceeding across the intersection nevertheless on the assumption that she would not turn to the left of the center of the intersection and thereby bring her car across the path of his. If his evidence is believed—and it is axiomatic that we must on appeal view the evidence in its most favorable light in support of the verdict—after respondent was completely across the intersection appellant struck him from the side and rear. If this is true, as we are bound to assume in support of the verdict, he was far beyond the point where the paths of the two machines would have crossed if appellant had taken the course enjoined on her by law.

The court gave an instruction in the language of section 131 of the Motor Vehicle Act (Stats. 1925, p. 412, sec. 15), which read at that time: "When two vehicles approach an intersection of public highways at approximately the same time, the vehicle approaching from the right shall have the right of way, provided such vehicle is traveling at a lawful speed."

Appellant proposed two instructions on this subject, of which the following is the more elaborate: "You are instructed that as an exception to the rule 'that when two vehicles approach an intersection of public highways at approximately the same time the vehicle approaching from the right shall have the right of way providing such vehicle is traveling at a lawful speed,' the law provides that of two vehicles approaching an intersection at a lawful rate of speed, the first automobile to enter the intersection has the right of way over the automobile which has not yet entered said intersection and which is at a distance greater than the approximate distance of the projected course of intersection of said automobiles." The other instruction was identical except for the omission of the last clause.

These instructions were properly refused. They are based on the decision of this court in *Vickerson* v. *Standard Auto Sales Co.*, 64 Cal. App. 287 [221 Pac. 392]. But after the decision in the Vickerson case section 131 of the Motor Vehicle Act was amended in 1925 to the form set out above.

■ The rule is well settled that the legislature is presumed to know the decisions of appellate courts and to have them in mind when adopting amendments to statutes which the courts have construed. It is equally well settled that a substantial change in the language of a statute is presumed to indicate a change in its meaning. ■ By providing that "when two vehicles approach an intersection at *approximately* the same time" the one to the right shall have the right of way the legislature used language deliberately calculated to change the rule announced in the Vickerson case. "Approximately" means about or nearly; it is the opposite of precisely or exactly. A vehicle may approach an intersection at "approximately the same time" as another if it approaches slightly before or slightly after the other. It cannot be said that because the vehicle from the left reaches the intersection first the one from the right has not approached it at approximately the same time. Whatever criticism might conceivably be directed at the legislature for introducing this element of possible uncertainty into a rule of the road—and that is a matter with which we cannot be concerned—it would be an act of judicial legislation for us to sanction a construction of this plain language out of its clear and natural meaning. It may be noted in this connection that in 1929 this section was again amended to return substantially to the rule in effect before the amendment here in question (Stats. 1929, p. 541, sec. 55).

We conclude that there is nothing presented in this case which justifies a reversal.

Judgment affirmed.

Nourse, Acting P. J., and Sturtevant, J., concurred.