[Civ. No. 12674. Second Appellate District, Division Two.—December 16, 1940.]

ELLY J. THOMAS et al., Respondents, v. JOHN W. DRISCOLL et al., Appellants.

Parker & Stanbury, Harry D. Parker, Raymond G. Stanbury, and White McGee, Jr., for Appellants.

Bernard Brennan and Paul S. Ottoson for Respondents.

MOORE, P. J.—This is an appeal by defendants from an order granting plaintiffs' motion for a new trial. The sole grievance is that the order was not in writing and filed within ten days after the motion was granted. The action was brought to recover for personal injuries and for special damages flowing therefrom.

After judgment had been entered upon a verdict in favor of defendants, plaintiffs moved for a new trial on the following grounds: (1) Irregularity in the proceedings of the court and jury by which defendant was prevented from having a fair trial; (2) accident or surprise which ordinary prudence could not have guarded against; (3) newly discovered evidence material for the plaintiffs which they could not, with reasonable diligence have discovered and produced at the trial; (4) insufficiency of the evidence justifying the decision; (5) errors in law occurring at the trial and excepted to by the plaintiffs.

The motion was submitted on January 8, 1940, and on January 30th a minute order was entered by the clerk as follows: "Motion of plaintiffs for a new trial heretofore

made is granted". Defendants filed notice of appeal February 23d and their opening brief on June 29th. On July 17th, without notice to appellants, the trial court entered an order *nunc pro tunc* amending its order of January 30th, in words and figures as follows: "It appearing to this court that that certain order heretofore made on the 30th day of January, 1940, granting the motion of plaintiffs for a new trial the order was inadvertently by Clerk and Court made without any statement therein of the fact that such motion for a new trial was granted, among others on the ground of the insufficiency of the evidence to sustain the verdict; and it having been the intention and ruling of this Court to base its order granting such new trial upon the ground of insufficiency of the evidence and to so state in the order granting such new trial; that clerk by inadvertence did not include said ground in the order granting said motion, IT IS HEREBY ORDERED that such order granting a new trial be and the same is hereby amended to correct such mistake and inadvertence and speak the truth, *nunc pro tunc* as of the date made, to read: 'It is ordered that plaintiff's motion for a new trial herein be and the same is hereby granted on the ground of the insufficiency of the evidence to sustain the verdict rendered in the action.' "

The question for decision is whether the court's *nunc pro tunc* order alone, or taken in conjunction with the order of January 30th is a valid order since it was not made within ten days after the motion was granted or "filed with the clerk".

Prior to 1939 amendment to section 657, Code of Civil Procedure, subdivision 7 thereof read: "When a new trial is granted on all or part of the issues, upon the ground of the insufficiency of the evidence to sustain the verdict the order shall so specify; otherwise, on appeal from such order it will be presumed that the order was not based upon that ground." The amendment of this subdivision became effective prior to the trial of this action and reads: "When a new trial is granted, on all or part of the issues, upon the ground of the insufficiency of the evidence to sustain the verdict or decision, the order shall *so specify this in writing and shall be filed with the clerk within ten days after the motion is granted;* otherwise, on appeal from such order it will be conclusively presumed that the order was not based

upon that ground. The court may direct a party to prepare the order.''

Before the amendment to subdivision 7, the distinction between the granting of a new trial upon insufficiency of the evidence and the granting of a new trial upon other grounds, was that in the former case the order was required to state the ground but in the latter there was no such requirement. No order granting a new trial, regardless of the grounds, was required to be in writing and no time limit was imposed although the statute did provide that if the order failed to state that it was based upon the insufficiency of the evidence, it would be presumed on appeal that it was based upon other grounds. But it did not expressly declare that the presumption was conclusive. Under the amendment, such an order (1) must specify the ground, (2) must be in writing, (3) and must be filed within 10 days after the motion is granted; (4) otherwise it will be conclusively presumed on appeal that it was not based on the insufficiency of the evidence.

There was no written order granting a new trial upon insufficiency of the evidence until the *nunc pro tunc* order of July 17th, five and one-half months after entry of the minute order. The minute order of January 30th was a total failure to comply with the requirement that a written order specifying the insufficiency of the evidence be filed within 10 days after a motion is granted. Clearly, the statute was violated. Before the amendment, the provisions of subdivision 7 were complied with if the clerk made minute entries of all orders and decrees. (Pol. Code, sec. 4178.) Unless something more than a mere minute entry is required that part of the amendment providing for a written order is meaningless. That the order should be written and ''filed with the clerk'' is definitely intended is manifest from the provision that ''the court may direct a party to prepare the order''. Since the legislature could not have intended that a party should prepare a minute entry, and since the order ''shall be filed with the clerk'', it is clear that the amendment requires an order in writing other than a minute entry by the clerk.

Moreover, the provision that ''it will be conclusively presumed that the order was not based upon'' the insufficiency of the evidence, unless the order be so written and filed, indicates that the legislature intended that for the order

to be effective, it must be filed within ten days. ■ Also, the use of the imperative auxiliary "shall" signified a command (57 Cor. Jur. 548). ■ Although imperative words are sometimes held to have only a directory meaning, this rule of interpretation is not applicable when a consequence or penalty is provided for a failure to do the act commanded. This is a California rule and is supported by the weight of authority in other jurisdictions. In *Shaw* v. *Randall*, 15 Cal. 384, where the court, in disposing of a contention that the statute was directory only, said: "In construing the statute we must look to the language used and endeavor, if possible, to ascertain the intention of the Legislature . . . where a consequence is attached to a failure to comply . . . the consequence can be avoided only by compliance with the statute." This was followed in *Perine* v. *Forbush*, 97 Cal. 305 [32 Pac. 226], and in *McCrea* v. *Haraszthy*, 51 Cal. 146. The same doctrine is applied by the courts of Missouri in *Hudgins* v. *Mooresville Consol. School* Dist., 312 Mo. 1 [278 S. W. 769], and in *Ousley* v. *Powell*, (Mo. App.) 12 S. W. (2d) 102.

The authorities cited by plaintiffs (8 Cal. Jur. 522; *Brush* v. *Pacific Elec. Ry. Co.*, 58 Cal. App. 501 [208 Pac. 997] ; *Beall* v. *Erickson*, 113 Cal. App. 36 [297 Pac. 960] ; *Lauchere* v. *Lambert*, 210 Cal. 274 [291 Pac. 412] ; *Livesay* v. *Deibert*, 3 Cal. App. (2d) 140 [39 Pac. (2d) 466]) lose their efficacy by virtue of the amendment to subdivision 7. They were all rendered prior to the effective date of the amendment. ■ The contention that the court did not abuse its discretion by making the second order is beside the point. The amendment operates to deprive the court of discretion after the ten days have expired. If the court could make a *nunc pro tunc* order in cases where the grounds are the insufficiency of the evidence five months after the granting of the motion for a new trial, it would thereby effectively abrogate the statute which emphatically proscribes such an order after the lapse of the time designated. A determination by the judge that his failure to put his order in writing was a clerical error is not of sufficient potency to outweigh the plain letter of the code section. *Livesay* v. *Deibert, supra,* was not decided in the light of a mandatory statute. It was to prevent just such entries that the legislature must have intended by the amendment. ■ The fact that the law-making body knew the decisions of the appellate courts and

made a substantial change in the phraseology of the subdivision indicated an intention to effect a change of its meaning. (*Hoffman* v. *McNamara,* 102 Cal. App. 280 [282 Pac. 990].) ▆▆ The rule of statutory construction requiring that effect must be given to each sentence, phrase and word (*Estate of Garthwaite,* 131 Cal. App. 321, 324 [21 Pac. (2d) 465]) applies with emphasis to an amendment which has evidently been enacted to abolish an evil or to improve a practice. If a court can now properly vitalize a void order by a belated entry, the amendment would have been in vain. In making the second order, the court did more than abuse its discretion; it exceeded its jurisdiction. To hold otherwise were to override legislative authority exercised within its constitutional province.

For the foregoing reasons, the order is reversed.

Wood, J., and McComb, J., concurred.