[L. A. No. 17793. In Bank.—May 28, 1941.]

MABLE WHITLEY, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Merritt D. Jergins and Simon Miller for Petitioner.

J. H. O'Connor, County Counsel, Douglas DeCoster, Deputy County Counsel, Joseph A. Ball and Frank C. Charvat for Respondents.

CURTIS, J.—This is an application by the petitioner, Mable Whitley, for a writ of *certiorari* seeking to annul, vacate and set aside two *nunc pro tunc* orders made and entered in the Superior Court of the County of Los Angeles, granting a motion for new trial on the ground of the insufficiency of the evidence to sustain the verdict of the jury.

Petitioner, as plaintiff, instituted action against Belyea Truck Company, a California corporation, and Fred Clement to recover for personal injuries. After a trial by jury, verdict was rendered in her favor in the sum of $3,000 and judgment was entered accordingly on April 25, 1940. Defendants duly filed a notice of intention to move for a new trial, which notice enumerated all but one of the statutory grounds for a new trial, including the ground of insufficiency of the evidence to sustain the verdict. (Code Civ. Proc., sec. 657.) The trial court, after the hearing, orally granted the motion for new trial on May 28, 1940, and on this same day a minute order was entered by the clerk specifying that "the said motion is by the court granted upon the insufficiency of the weight of the evidence to support the verdict." On June 1, 1940, plaintiff filed her notice of appeal.

On *ex parte* motion of the defendants the trial court on July 17, 1940, signed and filed a *"Nunc Pro Tunc* Order Granting New Trial" as of May 28, 1940, wherein it was recited: "the clerk was instructed by said court to enter the order in his minute book granting a new trial and to recite the ground upon which the same was granted, to-wit: the insufficiency of the evidence". On August 14, 1940, without notice to plaintiff, the trial court signed and filed another document entitled *"Nunc Pro Tunc* Order Granting New Trial,"* which order contained substantially the same matters as were contained in the prior *nunc pro tunc* order, except that it was recited therein that the failure to file the written, formal order within the ten days following the granting of new trial was due to inadvertence of the court, and not of counsel, as had been erroneously stated in the prior *nunc pro tunc* order, which was thereby vacated. It is these *nunc pro tunc* orders which petitioner here seeks to have annulled.

 The question for decision in this proceeding, therefore, is whether these *nunc pro tunc* orders awarding a new trial on the ground of the insufficiency of the evidence are valid, since neither was made within ten days after the motion was granted or "filed with the clerk".

Prior to the 1939 amendment to section 657, Code of Civil Procedure, subdivision 7 thereof read: "When a new trial is granted, on all or part of the issues, upon the ground of the insufficiency of the evidence to sustain the verdict, the order shall so specify; otherwise, on appeal from such order it will be presumed that the order was not based upon that ground." (Stats. (1929), chap. 479, p. 841.) The amendment of this section became effective prior to the trial of this action and reads: "When a new trial is granted, on all or part of the issues, upon the ground of the insufficiency of the evidence to sustain the verdict or decision, the order shall *so specify this in writing and shall be filed with the clerk within ten days after the motion is granted;* otherwise, on appeal from such order it will be conclusively presumed that the order was not based upon that ground. The court may direct a party to prepare the order." (Stats. (1939) chap. 713, p. 2234.)

Previous to the amendment of subdivision 7, the order granting a motion for new trial upon the ground of the insufficiency of the evidence was not required to be in writing and no time limit was imposed. Then in 1939 by the amendment two significant charges were made in this provision: (1) Such order of the court now must be in writing; and (2) it must be filed within ten days after the motion for new trial is granted. There was no written order here granting a new trial upon the insufficiency of the evidence until the *nunc pro tunc* orders of July 17, 1940, and August 14, 1940, seven weeks and eleven weeks, respectively, after entry of the minute order on May 28, 1940. Petitioner contends that this new requirement—that such order in writing be filed within ten days—is mandatory, and that when more than the specified time limit has elapsed since the granting of the motion for new trial the court has no authority or power to file an order granting a new trial on the ground that the evidence is insufficient to sustain the verdict. In support of this argument, petitioner relies on several well-established principles of statutory construction, to which we now direct our attention.

In a number of decisions prior to the 1939 amendment of said section 657, it was held that where an order for a new trial failed to state that it was being granted on the ground that the evidence was insufficient to sustain the verdict or decision, the trial court could properly file a *nunc pro tunc* order setting up that ground, if in fact it had been relied upon. (*Halpern* v. *Superior Court,* 190 Cal. 384 [212 Pac. 916]; *Livesay* v. *Deibert,* 3 Cal. App. (2d) 140 [39 Pac. (2d) 466]; *Kohlstedt* v. *Hauseur,* 24 Cal. App. (2d) 60 [74 Pac. (2d) 314].) The legislature is presumed to have known of these prior decisions and to have considered them at the time of the amendment. (*Estate of Moffitt,* 153 Cal. 359 [95 Pac. 653, 1025, 20 L. R. A. (N. S.) 207]; *Hoffman* v. *McNamara,* 102 Cal. App. 280 [282 Pac. 990]; *Estate of Garthwaite,* 131 Cal. App. 321 [21 Pac. (2d) 465]; 23 Cal. Jur. 782, and authorities there cited.) In construing statutory language, it is fundamental, if possible, to give effect to each sentence, phrase and word thereof. (*Estate of Garthwaite, supra;* 23 Cal. Jur. 758, and authorities there cited.) The fact that the legislature in 1939 amended section 657, subdivision 7, so as to impose a ten day limitation for filing such

order for new trial, where no time restriction existed at all prior to this recent enactment, demonstrates the legislature's intent to change the pre-existing law, and it must be presumed that it was intended to change the statute in all the particulars where there is a material change in the language of the amended provision. (*People* v. *Weitzel*, 201 Cal. 116 [255 Pac. 792, 52 A. L. R. 811]; *Hoffman* v. *McNamara*, *supra*; *Lundquist* v. *Lundstrom*, 94 Cal. App. 109 [270 Pac. 696].) Manifestly, if this new requirement is not construed as mandatory, the rule regarding the filing of such order will remain the same as it was before the enactment of the amendment, which interpretation would render the amendment nugatory.

Another circumstance to be noted in our consideration of the intended character of this statutory language is the fact that a penalty is attached to a failure to act in time. The well-established principle of construction that where consequences are attached to a failure to act in accordance with legislative direction, such direction is mandatory, was recognized in the recent case of *Thomas* v. *Driscoll*, 42 Cal. App. (2d) 23 [108 Pac. (2d) 43], wherein the following discussion appears at page 27:

" . . . Although imperative words are sometimes held to have only a directory meaning, this rule of interpretation is not applicable when a consequence or penalty is provided for a failure to do the act commanded. This is a California rule and is supported by the weight of authority in other jurisdictions. In *Shaw* v. *Randall*, 15 Cal. 384, where the court, in disposing of a contention that the statute was directory only, said: 'In construing the statute we must look to the language used and endeavor, if possible, to ascertain the intention of the Legislature . . . where a consequence is attached to a failure to comply . . . the consequence can be avoided only by compliance with the statute.' This was followed in *Perine* v. *Forbush*, 97 Cal. 305 [32 Pac. 226], and in *McCrea* v. *Haraszthy*, 51 Cal. 146. The same doctrine is applied by the courts of Missouri in *Hudgins* v. *Mooresville Consol. School Dist.*, 312 Mo. 1 [278 S. W. 769] and in *Ousley* v. *Powell*, [Mo. App.] 12 S. W. (2d) 102."

Respondent, in support of its contention that the ten day requirement is merely directory, cites *Smith* v. *Jaccard*, 20

Cal. App. 280 [128 Pac. 1023, 1026], and *Hohnemann* v. *Pacific Gas & Elec. Co.*, 31 Cal. App. (2d) 692 [88 Pac. (2d) 748], which involve the failure to meet the twenty day limitation of section 953a, Code of Civil Procedure, for the filing of a reporter's transcript. But those cases are not in point here for the reason that those decisions expressly rest on the ground that the legislature, *by omitting to provide a penalty for defaults,* has indicated thereby that the time requirement is not mandatory. When the time within which the judicial act must be done is jurisdictional, the court cannot circumvent the clear mandate of the statute by filing an order *nunc pro tunc.* In such a circumstance, it is immaterial whether the default be that of the court or of the litigant. Analogous to the instant case is the situation discussed in *Kraft* v. *Lampton,* 13 Cal. App. (2d) 596 [57 Pac. (2d) 171], wherein the trial court failed to make its order granting a new trial within the sixty days allowed by the statute (Code Civ. Proc., sec. 660), and it was held that the court, chargeable with such jurisdictional default, cannot accomplish by an order *nunc pro tunc* what it is prohibited from doing otherwise.

We are not here concerned with a mere error of record, but with a failure to comply with a jurisdictional requirement. This distinction is emphasized in *Haynes* v. *Los Angeles R. R. Corp.,* 80 Cal. App. 776, 780 [252 Pac. 1072]: "The rule is well settled in this state that every court of record has the inherent power to correct its records so that they shall conform to the facts and speak the truth . . . (citing cases). It is equally well established that the court in the exercise of this power is not authorized to do more than to make its records conform to the actual facts, and cannot under the form of an amendment of its records, correct a judicial error, or make of record an order or judgment that was never, in fact, given . . . (citing cases)." The record before us discloses that no written order granting a new trial on the ground of the insufficiency of the evidence was made within the time in which the court was empowered to act, and a *nunc pro tunc* entry cannot create an order where one did not exist before. "A determination by the judge that his failure to put his order in writing was a clerical error is not of sufficient potency to out-

weigh the plain letter of the code section. . . . It was to prevent just such entries that the legislature must have intended by the amendment." (*Thomas* v. *Driscoll, supra,* at p. 27.)

The entry of the minute order on May 28, 1940, did not satisfy the requirement that a written order specifying the insufficiency of the evidence be filed within ten days after the motion is granted. The entry which the clerk makes in his records is a synopsis merely of the court's order, tantamount to a history of it (18 Cal. Jur. 663; *Bailey* v. *Superior Court,* 215 Cal. 548 [11 Pac. (2d) 865]), and before the amendment of 1939, this record clearly was sufficient compliance with the provisions of section 657, subdivision 7 (Pol. Code, sec. 4178, subd. 3). Again referring to *Thomas* v. *Driscoll, supra,* we find at page 26 the following analysis of legislative intent as indicated by the change in the statutory language: " . . . Unless something more than a mere minute entry is required that part of the amendment providing for a written order is meaningless. That the order should be written and 'filed with the clerk' is definitely intended is manifest from the provision that 'the court may direct a party to prepare the order'. Since the legislature could not have intended that a party should prepare a minute entry, and since the order 'shall be filed with the clerk' it is clear that the amendment requires an order in writing other than a minute entry by the clerk."

There is no merit to respondent's contention that if the ten day limitation be construed as a jurisdictional period, the statute is unconstitutional because it would operate to deprive the defendants in the original personal injury action here of valuable property rights—adjudication upon the sufficiency of the evidence—without due process. There is no constitutional right to a new trial. The general rule is stated in 12 American Jurisprudence, Constitutional Law, section 637, page 327: "A hearing before judgment, with full opportunity to present all the evidence and the arguments which the party deems important, is all that can be adjudged vital under the guaranty of due process of law. Rehearings or new trials are not essential to due process of law, either in judicial or administrative proceedings. One hearing, if ample, before judgment satisfies the demand of the Federal

Constitution in this respect." Furthermore, in this state the right to move for a new trial is purely statutory, and the legislature may, therefore, limit the power of the trial court in regard to the time and manner in which such right is exercised. (*Lancel* v. *Postlethwaite*, 172 Cal. 326, 329 [156 Pac. 486].) This being so, it is difficult to conceive of any valid objection, based on constitutional grounds, to a provision having the effect simply of requiring a written order to be filed within ten days if insufficiency of the evidence is to be availed of as the ground for a new trial, and making the performance of this act by the court jurisdictional in character.

■ The above considerations impel the conclusion that the legislature by its amendment to section 657, Code of Civil Procedure, subdivision 7, intended to make it mandatory that a written order granting a new trial on the ground of the insufficiency of the evidence to sustain the verdict or decision be filed within ten days after the motion is granted or not at all, and that this time limitation applies to *nunc pro tunc* orders as well as to original orders made pursuant to this statutory provision.

■ Finally, as an objection to a determination of the validity of these *nunc pro tunc* orders, respondent urges the point that a writ of review is not a proper proceeding in this case, as petitioner has her remedy by appeal. Respondent here calls attention to the general rule that *certiorari* may not be used as a substitute for appeal (4 Cal. Jur. 1052). But it is likewise well recognized that an order which is not provided for in our procedure is not an appealable order within the meaning of section 1068, Code of Civil Procedure, and an application for a writ of review is the proper remedy. (*Treat* v. *Superior Court*, 7 Cal. (2d) 636 [62 Pac. (2d) 147]; *Stanton* v. *Superior Court*, 202 Cal. 478 [261 Pac. 1001]; *Diamond* v. *Superior Court*, 189 Cal. 732 [210 Pac. 36]; *Quevedo* v. *Superior Court*, 131 Cal. App. 698 [21 Pac. (2d) 998]; *Holquin* v. *Allison*, 97 Cal. App. 126 [274 Pac. 1037].) When a statute prescribes a definite procedure and the court acts contrary to the authority thus conferred, it has exceeded its jurisdiction and *certiorari* will lie to correct such excess. (*Rodman* v. *Superior Court*, 13 Cal. (2d) 262 [89 Pac. (2d) 109].)

Each of the *nunc pro tunc* orders purporting to grant a new trial on the ground of the insufficiency of the evidence should in our opinion be annulled, and it is so ordered.

Shenk, J., Traynor, J., Edmonds, J., and Carter, J., concurred.