[Civ. No. 2870. Fourth Dist. Nov. 18, 1943.]

MARTY OTT, Respondent, v. COMMERCIAL DISCOUNT COMPANY (a Corporation) et al., Appellants.

Harry W. Horton for Appellants.

Edward B. Patterson for Respondent.

GRIFFIN, J.—The complaint sets forth two causes of action. One count alleges that plaintiff was the owner of a 1937 Willys Sedan; that on July 2, 1940, while plaintiff was lawfully in possession of it in her garage defendant Tucker, acting as agent for the other named defendants, without her consent, wrongfully removed the sedan from her garage; that she pursued Tucker, overtook him, and demanded return of the car (Tucker was apparently repossessing the car for delinquent payments); that Tucker refused to return

it; that plaintiff, in an effort to regain possession of her car, stepped on the running board; that Tucker started up the car suddenly and threw plaintiff off balance and that she fell to the ground, receiving bodily injuries for which she demanded $31,250. The second count restates the foregoing facts and alleges the unlawful taking and conversion of plaintiff's car to her damage in the sum of $200 (her claimed equity in it). Additional damage in the sum of $770 is claimed for loss of its use.

Defendants answered, alleged that Tucker was agent for defendant Robertson, and that plaintiff had executed a chattel mortgage on the car; that payments were delinquent; that Robertson had repossessed the automobile; that after it had been repossessed, plaintiff used force and violence upon Tucker; that plaintiff was not injured but her claimed injuries were feigned or were due to her own conduct. A jury trial was demanded. A verdict was returned as follows:

"We, the jury in the above entitled action; find for the plaintiff, Marty Ott, and assess her damages in the sum of $300.00/100 and against these names John Robertson and Clyde Duringer, this 9th day of February, 1942."

Judgment was entered accordingly against Robertson and Duringer only. A motion for new trial was made on the grounds of inadequate damages, insufficiency of the evidence to justify an inadequate verdict, and on other grounds set forth in section 657 of the Code of Civil Procedure. The trial court granted the motion for new trial on the grounds of the insufficiency of the evidence to justify an inadequate verdict.

The evidence discloses that the hospital and doctor bills alone exceeded the sum of $300. There was considerable medical evidence of injury to her person. She testified that she was unable to work for a period of nine or ten months.

■ It is conceded that the trial judge did not prepare and file with the clerk any *signed* order granting the new trial on the ground of insufficiency of the evidence. However, the record shows a written minute entry by the clerk granting a new trial as to all defendants "on the grounds of insufficiency of evidence in that the award is considered wholly inadequate."

Appellant contends that this court cannot consider that question because the order granting the new trial on the grounds of insufficiency of the evidence was not in writing, *signed* by the trial judge, and filed with the clerk, and cites

*Whitley* v. *Superior Court,* 18 Cal.2d 75 [113 P.2d 449], which case in effect so held. Respondent cites *Cox* v. *Tyrone Power Enterprises,* 49 Cal.App.2d 383 [121 P.2d 829], and *Gossman* v. *Gossman,* 52 Cal.App.2d 184 [126 P.2d 178], which hold to the contrary.

Since this appeal has been perfected and its merits argued, the Supreme Court in *Dempsey* v. *Market Street Ry. Co.,* 23 Cal.2d 110 [142 P.2d 929], has held that under section 657 of the Code of Civil Procedure, a formal order written, signed and filed, as distinguished from a mere written entry in the minutes, is not required when a new trial is granted on the ground of insufficiency of the evidence (overruling language to the contrary in *Whitley* v. *Superior Court, supra.*)

It will not, therefore, be necessary to consider many of the other claimed specified errors, which claims appear to be meritorious. These errors can be avoided on a new trial.

The order granting the new trial is affirmed.

Barnard, P. J., and Marks, J., concurred.