[Civ. No. 7792.   Fourth Dist., Div. Two.   Feb. 23, 1966.]

HORACE CADEN, Plaintiff and Respondent, v. LEONARD LEONZO McMILLIN, Defendant and Appellant.

Clausen & Gilliland and James Fernandes for Defendant and Appellant.

Roy S. Giordano for Plaintiff and Respondent.

TAMURA, J.—This is an appeal from an order granting plaintiff a new trial in a personal injury action arising out of an automobile accident.

In view of the narrow legal issue presented, only a brief summary of the facts is required. The accident occurred at the

intersection of Broadway and Washington Streets in the City of Santa Ana, Broadway, being a north-south street and Washington an east-west street. At its intersection with Broadway, Washington jogs, the portion easterly of Broadway being south of the portion running westerly therefrom. Broadway has two traveling lanes and a parallel parking lane adjacent to the curb on each half of the street. The intersection was controlled by traffic signals which at the time of the accident were green for north-south traffic on Broadway. Plaintiff, driving a 1957 Jaguar, was proceeding northerly toward the intersection on Broadway on the traveling lane adjacent to the parking lane, and defendant, driving a 1956 Buick, was proceeding southerly on Broadway attempting to make a left easterly turn onto Washington. When defendant reached the intersection, he stopped because a pickup truck proceeding northerly on Broadway was attempting a left turn westerly onto Washington. The driver of the pickup motioned the defendant to proceed, so, because of the jog on Washington, defendant passed the pickup on its driver's side and made his left turn to the rear thereof, between it and another car stopped behind it. As plaintiff proceeded into the intersection, his vehicle was struck on the door of the driver's side by defendant's vehicle. There was a conflict in the evidence respecting the lookout maintained by defendant and whether his vision was obstructed, plaintiff's speed, lane of travel prior to the collision, the extent and nature of his injuries.

Following a verdict and judgment for the defendant, plaintiff moved for a new trial on grounds of insufficiency of the evidence to justify the verdict, that the verdict is against the law, and errors in law occurring at the trial. The motion was argued and submitted on January 22, 1964, and on January 23, 1964, the court made the following minute entry: "This matter having been taken under submission the court decides: Motion for new trial is granted." In the oral argument on the motion, plaintiff confined himself to the ground of insufficiency of the evidence.

A written order was signed by the judge on January 31, 1964, and filed on February 3, 1964. Following the usual recitals, it provided: "It is hereby ordered that a new trial be granted upon the ground of insufficiency of the evidence to sustain the verdict, and the judgment previously entered herein be hereby vacated."

The last paragraph of section 657 of the Code of Civil Procedure then in effect provided: "When a new trial is

granted, on all or part of the issues, upon the ground of insufficiency of the evidence to sustain the verdict or decision, the order shall so specify this in writing and shall be filed with the clerk within ten days after the motion is granted; otherwise, on appeal from such order it will be conclusively presumed that the order was not based upon that ground. The court may direct a party to prepare the order.''[1]

Defendant contends that the order granting the new trial cannot be supported on the ground of insufficiency of the evidence because (1) the minute entry failed to specify it as a ground and (2) the written order cannot validly supply the deficiency because it was not a *nunc pro tunc* order. From this premise, he argues that since the order cannot be supported on other grounds stated in the motion, it must be reversed. Defendant does not discuss the substantive merits of the order as it relates to the ground of insufficiency of the evidence. Plaintiff replies that since the written order was filed within 10 days after the motion was granted, excluding February 2, 1964, a Sunday, it was validly granted on the ground of insufficiency of the evidence to justify the verdict. At the oral argument, defendant stipulated that the written order was filed within the statutory 10-day period. The sole issue on this appeal, therefore, is whether the minute entry precluded the court from signing and filing the written order.

The history of the various amendments to the quoted paragraph of Code of Civil Procedure section 657 is well summarized in *Opp* v. *Sykes,* 194 Cal.App.2d 208, 213 [15 Cal. Rptr. 1] : ''There can be no question as to the objective of the Legislature. As long ago as 1919, it amended the final paragraph of Code of Civil Procedure, section 657, to require that the order specify the ground of insufficiency of the evidence, and to establish a presumption that, in the absence of such specification, the order was not granted on that ground. This was to avoid the then practice of the appellate courts, whereby they frequently defeated effective appellate review by presuming, in every case where insufficiency of the evidence was a stated ground of the motion, that the order *was* granted on that ground, even when the record, including the opinion of the court, made it clear that such was not, in fact,

---

[1]In 1965, the Legislature deleted the quoted paragraph and in lieu thereof added four new paragraphs making substantive as well as procedural changes in the law relating to the granting of motions for new trials. (Stats. 1965, ch. 1749, § 1.)

the case. In 1929, the paragraph was again amended, to extend its coverage to instances in which a new trial is granted on part of the issues. Finally, in 1939, the paragraph was amended to extend its coverage to trials by the court, to require that the order "specify" the ground "in writing" and be filed within 10 days after the motion is granted, and to make the presumption arising from failure to so specify within the time, conclusive.''

Following the 1939 amendment, it has been repeatedly held that a *nunc pro tunc* order specifying the ground of insufficiency of the evidence may not be entered after the expiration of the 10-day period, even where the record disclosed that the court intended to grant the motion on that ground. *Malkasian* v. *Irwin,* 61 Cal.2d 738, 744-745 [40 Cal. Rptr. 78, 394 P.2d 822]. The cases cited by defendant all involve the validity of such late *nunc pro tunc* orders.

It has never been held, however, that the court has no jurisdiction to make a valid written order in the form here filed within 10 days following a minute entry granting a motion for a new trial where the minute entry did not specify the ground. Indeed, in *Whitley* v. *Superior Court,* 18 Cal.2d 75 [113 P.2d 449], the court stated by way of dictum that a minute order specifying the ground of insufficiency of the evidence would be ineffective in that the 1939 amendment contemplated a written order other than a minute entry. To the same effect, *Thomas* v. *Driscoll,* 42 Cal.App.2d 23, 26 [108 P.2d 43]. In *Cox* v. *Tyrone Power Enterprises, Inc.,* 49 Cal. App.2d 383 [121 P.2d 829], the court refused to follow the dictum of *Whitley* v. *Superior Court, supra,* 18 Cal.2d 75, 81, and held that a minute order setting forth the ground is sufficient. Finally, in *Dempsey* v. *Market Street Ry. Co.,* 23 Cal.2d 110 [142 P.2d 929], the Supreme Court overruled *Whitley, supra,* to the extent that it held that a minute order specifying the ground would be insufficient, but in so concluding stated at page 115: "On the other hand, by construing the section as requiring merely that the ground of insufficiency of the evidence be specified in a *separate written order or written minute entry made within the time limit,* we not only have a reasonable interpretation of the language used, but also one which is in harmony with the existing system of procedure and which, without confusions, accomplishes all the results desired by the Legislature.'' (Italics supplied.)

We conclude that the written order filed in this case was valid. Since the conclusive effect of the order granting the

new trial does not come into operation until after the expiration of the 10-day period, the failure to specify the ground in the minute entry did not deprive the court of jurisdiction to sign and file the written order. Under the express provision of the paragraph as it then read, the court's jurisdiction within the 10-day period was not limited to the entry of a *nunc pro tunc* order.

Although the defendant has not argued the substantive merits of the order granting the new trial as it relates to insufficiency of the evidence, we have reviewed the record and find that there is evidence which would support a judgment in favor of the moving party. There was no abuse of discretion in granting the motion. *McFarland* v. *Voorheis-Trindle Co.*, 52 Cal.2d 698, 707 [343 P.2d 923].

The order granting a new trial is affirmed.

McCabe, P. J., and Kerrigan, J., concurred.