[Sac. No. 631.    Department One.—September 29, 1900.]

M. MARSTELLER, Respondent, v. B. H. LEAVITT, Appellant.

ORDER GRANTING NEW TRIAL—REVIEW UPON APPEAL.—Upon appeal from an order granting a new trial, only the matters considered by the trial court upon the motion for a new trial will be reviewed by this court.

ID.—INADMISSIBLE EVIDENCE — ACTION FOR BROKER'S COMMISSIONS — ORAL MODIFICATION OF CONTRACT—SALE OF NOTES — MATERIAL ERROR.—In an action to recover broker's commissions upon the sale of real estate payable under the terms of the written contract when the purchase money was paid, where the plaintiff alleged an oral modification of the contract that the commissions would be paid when he obtained a purchaser for the notes, and that he had obtained such purchaser, evidence for the defendant to prove the amount received from the sale of the notes is erroneous in any phase of the case. The admission

of such evidence, after objection, shows that the court deemed it material, and an order granting a new trial for the error will be affirmed upon appeal.

Id.—Form of Action—Pleading—Facts Stated—Construction—Support of Judgment—Theory of Facts.—There is but one form of action in this state, and judgment is to be rendered upon the facts stated in the pleadings, the averments of which are to be liberally construed to support a judgment based upon any sound theory of the facts alleged.

Id.—Maturity of Commissions—Sale of Notes—Discount—Evidence not Harmless.—If it be conceded that, as matter of law, the sale of the notes by the defendant, *ipso facto*, rendered the claim of plaintiff for commissions due, and that the facts stated in the complaint would support a recovery upon that theory, the right of recovery cannot be denied merely because defendant may have sold the notes at a discount; and the admission against plaintiff's objection of inadmissible evidence of the amount received at the sale of the notes cannot be said to be harmless.

APPEAL from an order of the Superior Court of Lassen County granting a new trial. N. T. Mastin, Judge rendering judgment. F. A. Kelley, Judge settling statement. C. E. McLaughlin, Judge granting new trial.

The facts are stated in the opinion of the court.

Goodwin & Goodwin, for Appellant.

The execution of the written contract was admitted, and there was no issue to be tried thereupon; and a finding contrary to such admission cannot be ground for a new trial. (*In re Doyle*, 73 Cal. 570.) The substantial rights of the parties were not affected by the admission of evidence as to the amount received on the sale of the notes. (Code Civ. Proc., sec. 475; *Persse v. Cole*, 1 Cal. 369; *Priest v. Union Canal Co.*, 6 Cal. 170; *Young v. Emerson*, 18 Cal. 416; *Henry v. Everts*, 30 Cal. 425; *People v. Collins*, 75 Cal. 411; *West Coast Lumber Co. v. Newkirk*, 80 Cal. 280; *O'Callaghan v. Bode*, 84 Cal. 496; *Clavey v. Lord*, 87 Cal. 421; *Zumwalt v. Dickey*, 92 Cal. 156.)

W. M. Boardman, and M. Marsteller, *in pro. per.*, for Respondent.

The overruling of the objection to the admission of the evidence as to the amount of the notes shows that the court deemed its admission material. (*Storch v. McCain*, 85 Cal. 308; *Rice v. Heath*, 39 Cal. 609; *Sweeney v. Reilly*, 42 Cal. 402; *Spanagel v. Dellinger*, 38 Cal. 283.) And the court properly granted a new trial for the error. Upon the sale of the notes and mortgage, they were, in contemplation of law, paid to the defendant, and a recovery could be had under the written contract for the payment of the commissions. In contemplation of law, defendant has received plaintiff's money. (*Wolf v. Marsh*, 54 Cal. 228; *Long v. Saufley*, 79 Cal. 260; *Poirier v. Gravel*, 88 Cal. 79.)

GAROUTTE, J.—This is an appeal from an order granting a motion for a new trial. The action was one involving a claim for commissions based upon a sale of real estate. The claim is primarily evidenced by a contract in writing. Under this writing plaintiff was to receive his commissions when certain notes taken by the vendor of the real estate from the vendee were paid. In addition to the aforesaid written contract, plaintiff, by his pleadings, set forth an oral contract, whereby he claimed a modification thereof as to the time of the payment of the commissions. This alleged modification was to the effect that the commissions would be paid when plaintiff found a purchaser for the aforesaid notes. There is also an allegation to the effect that he found such purchaser, and the notes held by the vendor were sold to that party. The court found against the alleged modification of the original contract, but found that a sale of the notes had been made. There was no issue as to the due execution of the original contract, other than as to the existence of a sufficient consideration upon which to base it. But upon that matter we will not here dwell. Judgment went for defendant, and plaintiff was granted a new trial.

Upon this appeal we are only allowed to investigate the matters considered by the trial court upon the motion for a new trial. And we deem it only necessary to direct our attention to the consideration of one of these matters. Under objection, defendant was allowed to prove the amount he received from

the purchaser upon the sale of the notes. This was error upon any conceivable phase of the case, and respondent now concedes the ruling to be erroneous, but claims the evidence was harmless, and therefore the error committed was not prejudicial. It is hardly consistent for respondent's counsel to insist upon the admission of evidence, under objection from the other side that it is immaterial, and after its admission, when error is predicated upon the ruling, to ·then insist that the evidence was immaterial and therefore did no harm. The fact alone that the court admitted the evidence after objection made is the strongest kind of an indication that the court deemed it material, and, so deeming it, gave it weight in making the judgment in the case. Indeed, it is impossible for this court to say that this evidence had no effect upon the mind of the trial court in pointing the judgment.

Plaintiff has advanced a theory in his brief whereby he claims that in law a sale of these notes by defendant, *ipso facto,* rendered his claim for commissions due. Pleadings are liberally construed in this state. There is but one form of action, and judgment is rendered on the facts stated in the pleadings. Possibly, the complaint in this action is sufficient in its facts to support a judgment based upon this theory of the cause, conceding, of course, that the proposition of law, as claimed, is sound. Perhaps the evidence admitted indicated that the notes were sold at a great discount, and for this reason the court denied plaintiff's right of recovery. Of course, this is only speculation, but it tends to show that this court cannot say that the error committed by the trial court in the admission of this evidence was harmless. It is said in *Storch v. Mc-Cain,* 85 Cal. 308: "The overruling of the objection to admitting it on the ground that it was irrelevant and immaterial indicates that in the opinion of the court it was relevant and material. That the court attached some importance to this evidence we are bound to presume from his admitting it against the objection made to it."

For the foregoing reasons the order is affirmed.

Harrison, J., and Van Dyke, J., concurred.