[Civ. No. 17655.   Second Dist., Div. Two.   June 27, 1950.]

A. J. GURSEY, Respondent, v. CAMPUS CAMERA SHOP, INC. (a Corporation), Appellant.

258

Butts and Grosenbaugh for Appellant.

Jones & Wiener and George M. Wiener for Respondent.

MOORE, P. J.—This is defendant's appeal from an order granting a new trial on plaintiff's motion. Also, plaintiff appealed from the judgment, but it will be dismissed.

The action is founded upon a promissory note for $5,974 which defendant executed in favor of Cycon, Inc., a corporation, on October 27, 1947, and which was endorsed thereafter by plaintiff as an accommodation. After payments had reduced the principal of the note to $2,986.94, on demand of its holder, plaintiff paid the amount then due and the note was assigned to him.

As affirmative defenses to the complaint defendant alleged that (1) in May, June and September, 1947, it executed certain trade acceptances in favor of Cycon in the total amount of $10,000 and also purchase orders for 400 Varicon Printers;

(2) it was then orally agreed by defendant and Cycon that such trade acceptances would be honored and paid by defendant on condition that Cycon deliver the 400 Varicon Printers to defendant; (3) the trade acceptances would be paid only in the amount of the value of the printers as they should be delivered. Such oral agreement was confirmed by a writing executed by Cycon. But that corporation failed to deliver the full amount of Varicon Printers contemplated by the trade acceptances, the purchase orders and the agreement. Prior to plaintiff's endorsement of the trade acceptances and of the promissory note, plaintiff had full knowledge of the agreement between defendant and Cycon and of the terms and conditions upon which the trade acceptances, purchase orders and the promissory note had been issued to Cycon. After those instruments had been executed by defendant, plaintiff endorsed the purchase orders as guarantor of Cycon's performance whereupon they were discounted to a bank and the proceeds were credited to Cycon's account. Thereafter, on demand of the bank, payments were made by defendant of certain trade acceptances to the extent that defendant had received the Varicon Printers from Cycon. After other trade acceptances had been dishonored by defendant for the reason that it had not received the merchandise promised, defendant informed Cycon of its refusal to pay, whereupon Cycon requested defendant to execute the note in the sum of $5,974, the amount unpaid on the trade acceptances and the value of the merchandise undelivered by Cycon. At the time of the execution of the note Cycon and defendant agreed that the Varicon Printers would be delivered to defendant which should pay installments on condition that the merchandise be delivered. Plaintiff knew the reason for defendant's execution of the note to Cycon and of the agreement between the two corporations. Despite such knowledge he endorsed and guaranteed payment of the note by Cycon and it was thereupon delivered to the bank in substitution for the unpaid trade acceptances which were delivered to defendant. Subsequently, defendant paid $2,987.06 to the bank and defendant received from Cycon Varicon Printers of value equal to the amount of such payment. Cycon thereafter refused to deliver any more merchandise and defendant having refused to make further payments, the note was paid by plaintiff who became holder of the note.

Having found such affirmative defense to be true, the court below declined to award judgment to plaintiff because the note was given on conditions which were known to plaintiff and

which did not occur; hence, it concluded, there has been a "complete failure of consideration for the unpaid balance of said note."

The primary issue at the trial was whether plaintiff had notice of the conditional delivery of the note, that is to say, whether he was a holder in due course, and consequently whether the personal defenses were available against him.

Judgment having been entered June 15, 1949, plaintiff filed his Notice of Intention to move for a new trial on July 28 on the grounds of (1) insufficiency of the evidence to justify the judgment and that it is against law; (2) error in law, occurring at the trial and excepted to by plaintiff. On September 15 a minute order was made as follows: "Motion for a new trial is granted" and same was entered. Seven days later defendant filed its notice of appeal from the order. On November 29 an order was filed by the trial court granting *nunc pro tunc* the motion for a "new trial on all issues, and upon the ground of the insufficiency of the evidence to justify the decision and that it is against law." In making such order the court stated that a clerical error had been made in the prior minute order when the grounds had been inadvertently omitted.

Defendant demands a reversal of the order on the ground that it is void as being in excess of jurisdiction. In support thereof it cites section 657, Code of Civil Procedure, which provides that when a new trial is granted upon the ground of insufficiency of the evidence the order must be in writing, must specify the ground and must be filed within 10 days after the motion is granted; if these conditions are not complied with, it will be conclusively presumed on appeal that the motion was not granted upon the insufficiency of the evidence, citing *Thomas* v. *Driscoll*, 42 Cal.App.2d 23 [108 P.2d 43], and *Whitley* v. *Superior Court*, 18 Cal.2d 75 [113 P.2d 449]. In order to obviate the effect of prior decisions, plaintiff attempts to distinguish them in that the trial courts did not proceed under section 473, Code of Civil Procedure, did not require notice to the adversary party, and that at the time of the Thomas decision it had been held that a minute order did not comply with the requirements of section 657. ▪ While section 473 is authority for a court to "correct clerical mistakes in its judgments or orders as entered, so as to conform to the judgment or order directed," yet in view of the pronouncement of *Thomas* v. *Driscoll* it appears that the language of the section cannot be so construed as to authorize the

correction of an order granting a new trial to the extent that a defective minute order can be rewritten after the time for entering the order has passed and particularly after the case has been appealed.

Neither section 473 nor failure to serve notice upon the adversary is important to the instant action. While it is true that at the time of the *Thomas* v. *Driscoll* decision it was believed that a minute order only did not comply with the requirements of section 657, subsequent decisions definitely hold that a minute order alone is a sufficient memorial of the court's decision on the motion for a new trial. (*Cox* v. *Tyrone Power Enterprises, Inc.*, 49 Cal.App.2d 383 [121 P.2d 829]; *Dempsey* v. *Market Street Railway Co.*, 23 Cal.2d 110 [142 P.2d 929]; *Gossman* v. *Gossman*, 52 Cal.App.2d 184, 188 [126 P.2d 178].) While much of the Whitley decision has been overruled, still it involved an order which was not made in pursuance of any of the prescribed methods defined by the Code of Civil Procedure. (*Howard* v. *Superior Court*, 25 Cal.2d 784, 789 [154 P.2d 849]), and its pronouncement has not been modified wherein it held that "the legislature intended to make it mandatory that a written order granting a new trial on the ground of the insufficiency of the evidence to sustain the verdict or decision be filed within ten days . . . or not at all, and that this limitation applies to *nunc pro tunc* orders as well as original orders." As to the Thomas case, without regard to the manner in which the motion to correct the order, *nunc pro tunc,* reached the court, the holding of that decision has not been altered by the shifting scenes on the judicial stage. It was there definitely determined that a court cannot make a *nunc pro tunc* order, in cases where the grounds are the insufficiency of the evidence, after the lapse of 10 days following the granting of the motion for a new trial. That holding was emphasized by *Cox* v. *Tyrone Power Enterprises* in a sweeping decision.

Not only does the language of the Cox case dispose of the point here at issue, but nine months after its publication the Supreme Court made it unanimous that not only may a minute order deny a new trial on the ground of the insufficiency of the evidence but used language which although not wholly necessary to the decision declared that the 1939 amendments to section 657 "were undoubtedly adopted first, to stop the prior practice by appellate courts of assuming that insufficiency of the evidence was ground for the order . . . and second, *to place a limit on the time within which the*

*record may be corrected by a nunc pro tunc order."* (*Dempsey* v. *Market Street Railway Co., supra,* 115.) In view of the present state of the law, it must be held that although a minute entry of the order granting a new trial for the insufficiency of the evidence is valid, yet neither such an order nor one formal in fashion can be amended *nunc pro tunc* after the court has lost jurisdiction of the case.

But all is not lost to plaintiff. The new trial was granted upon the further ground of "error in law, occurring at the trial and excepted to by the party making the application." A review of the proceedings reveals that the court was warranted in basing its order upon such errors. It was stipulated that the three trade acceptances executed by defendant on May 22, 1947, were negotiable. There was a conflict in the evidence as to whether payments on them were to be made as deliveries of the printers were made. But deliveries became delinquent notwithstanding defendant had made payments in amounts commensurate with receipts of merchandise. All parties agreed to the surrender of the trade acceptances to plaintiff upon his executing the guaranty of the promissory note. That having been done, Cycon continued its deliveries of the merchandise. But after defendant had made three installment payments on the note, it defaulted, February 25, 1948. Having paid the holder of the note the balance due, plaintiff brought suit upon it as holder in due course. In the course of the trial, rulings on the admissibility of evidence were made which plaintiff contends were prejudicial to his cause and on account of which the trial court granted a new trial. ▮ While the court had excluded as hearsay plaintiff's testimony of a conversation between himself and witness Arrousez, President of Cycon, yet when President Breen of defendant was called, the court permitted him over plaintiff's objection to relate a conversation between himself and Arrousez as to the reduced finances of defendant. Thus while plaintiff was precluded from testifying as to his own conversation with Arrousez, defendant was allowed to introduce testimony of a conversation between its president and the same Arrousez. Defendant says the testimony it adduced as to the Arrousez conversation was not hearsay because it did not tend to prove or disprove any of the issues at the trial, to wit, that plaintiff had notice of the fact that the trade acceptances had been conditionally issued. But after plaintiff had objected *defendant's counsel announced that the evidence was offered to show any conditions upon which the trade acceptances were issued.*

From the foregoing it is obvious that defendant offered Breen's testimony to show that Arrousez had knowledge of the conditional delivery. If so, it was prejudicial to plaintiff when he was denied the right to report his own conversation with Arrousez. Morever, the argument that Breen's testimony did not tend to prove that the trade acceptances had been conditionally issued did not change its character from that of hurtful hearsay to harmless chatter. ▮ No litigant who insists upon adducing evidence over the objection of his adversary that it is immaterial will, when the ruling is assigned as error, be heard to say on the motion for a new trial or on appeal that his evidence so introduced was immaterial. The solemn ruling of the trial court in admitting the evidence is direct proof that the court considered it material, and, of course gave it weight in deriving its decision in the case. (See *Marsteller* v. *Leavitt,* 130 Cal. 149, 152 [62 P. 384].)

▮ Other hearsay testimony was prejudicial to plaintiff. Over plaintiff's objection the court received in evidence the conversations among the officers of defendant and Cycon, outside the presence of plaintiff. They discussed the terms and conditions of the issuance of the trade acceptances as well as the undisclosed provisions which allegedly impaired their negotiability. Plaintiff's motion to strike it as prejudicial hearsay was denied. Clearly, such testimony was both hearsay and self-serving. Such conversations were the genesis of the trade acceptances and constitute the basis of defendant's contention that their negotiability was restricted. Therefore, the ruling by which they were received in evidence violated the parol evidence rule since they occurred subsequent to the execution and delivery of the instruments. (*Ellington* v. *Pacific Coast Pulp & Paper Corp.,* 135 Cal.App. 703, 706, 713 [28 P.2d 404] ; 9 Wigmore on Evidence, 3d ed., p. 142.) While at the trial plaintiff did not base his objection upon the parol evidence rule, the court was not for that reason forbidden to consider its violation in addition to the hearsay character of the conversations. Defendant argues that the conversation was not hearsay because it was not offered to prove or disprove the facts therein asserted but merely to prove that the conversation occurred and to serve as a foundation. If that proposition were to be conceded, there would of course be no violation of the hearsay rule since it excludes extrajudicial utterances only when offered as proof of the truth of the matter asserted. (*Werner* v. *State Bar,* 24 Cal.2d 611, 621 [150 P.2d 892] ;

*People* v. *Radley,* 68 Cal.App.2d 607, 609 [157 P.2d. 426].) However, there is nothing in the record to indicate that the evidence of the conversations among the officers of the two corporations was so limited or that the court did not accept it as the truth of the facts asserted in the conversations.

No one knew so well as the trial court the extent to which it had been influenced by the cited hearsay testimony. Since it is presumed to have done its duty (Code Civ. Proc.; § 1963, subd. 15) the new trial was necessarily granted to avoid an injustice to the plaintiff. Such order is final in the absence of a showing of an abuse of discretion. (*Biaggi* v. *Ramont,* 189 Cal. 675, 681 [209 P. 892] ; *Beall* v. *Erickson,* 113 Cal. App. 36, 39 [297 P. 960].) No such showing has been made.

The order is affirmed. Since an affirmance of the order virtually disposes of plaintiff's appeal from the judgment, the latter is dismissed.

McComb, J., and Wilson, J., concurred.