[Civ. No. 18632.   Second Dist., Div. Three.   Apr. 4, 1952.]

JACK ROTH et al., Respondents, v. RICHARD C. MARSTON, Appellant.

Parker, Stanbury, Reese & McGee and White McGee, Jr., for Appellant.

James C. Hollingsworth and Edward Henderson for Respondents.

VALLÉE, J.—Appeal from an order granting a new trial after judgment entered on a verdict for defendant.
The notice of intention to move for a new trial named as

grounds of the motion all of the causes specified in section 657 of the Code of Civil Procedure except excessive damages. There is no contention here, however, that any cause was well taken except the insufficiency of the evidence to sustain the verdict.

On January 19, 1951, plaintiff's motion for a new trial was granted. In granting the motion the court orally stated it was granted "upon the ground of the insufficiency of the evidence to sustain the verdict," and directed the clerk to enter the order as made in the minutes of the court. Instead of entering the order as directed, the clerk, on the same day, entered the following order in the minutes: "ORDERS that said motion be, and the same is hereby granted." On March 5, 1951, defendant filed a notice of appeal from the order.

On March 15, 1951, the court made a "nunc pro tunc order granting motion for new trial and correcting order heretofore made granting new trial," in which it recited: "the said Court did, on the 19th day of January, 1951, make its order granting plaintiffs' motion for a new trial upon the ground of the insufficiency of the evidence to sustain the verdict of the jury and the judgment entered thereon, and the Court did thereupon further direct that the Clerk of said Court enter said order so made by the Court upon the minutes of the above entitled Court. . . . through clerical error, inadvertence, oversight, and neglect on the part of said Clerk the said Clerk failed to specify and include in said order granting plaintiffs' motion for a new trial, that the same was made upon the ground of the insufficiency of the evidence to sustain the verdict of the jury and the judgment entered thereon"; and ordered that the order as entered by the clerk on January 19, 1951, "be corrected to conform to the order of the Court actually made and announced in open Court on the 19th day of January, 1951, granting plaintiffs' motion for a new trial on the ground of the insufficiency of the evidence to sustain the verdict of the jury and the judgment entered thereon, and the Clerk of said Court is ordered and directed to enter upon the minutes of said Court so as to conform to the order actually made by said court on the 19th day of January, 1951, the following order . . . 'ORDERS that said motion be and the same is hereby granted upon the ground of the insufficiency of the evidence to sustain the verdict of the jury and the judgment entered thereon.' AND IT IS FURTHER ORDERED that said corrected order be entered nunc pro tunc upon the minutes of said Court as of the 19th day of

January, 1951.'' Whereupon the clerk entered the corrected order in the minutes *nunc pro tunc* as of January 19, 1951.

Code of Civil Procedure, section 657, provides: ''When a new trial is granted, on all or part of the issues, upon the ground of the insufficiency of the evidence to sustain the verdict or decision, the order shall so specify this in writing and shall be filed with the clerk within ten days after the motion is granted; otherwise, on appeal from such order it will be conclusively presumed that the order was not based upon that ground.'' ▪ A written minute entry is compliance with the requirement that an order granting a new trial on the ground of the insufficiency of the evidence to sustain the verdict ''shall so specify this in writing'' and be filed with the clerk. (*Dempsey* v. *Market Street Ry. Co.*, 23 Cal.2d 110, 114-116 [142 P.2d 929].)

The only assignment of error is that because the original order as entered in the minutes did not specify the insufficiency of the evidence, and the *nunc pro tunc* order was made more than 10 days after the motion was granted, the latter order is a nullity; that it must be conclusively presumed the original order was not based on the ground of the insufficiency of the evidence; and as it is not sustainable on any other ground it must be reversed.

▪ This is a case where the order, as entered by the clerk, is not the order made by the court—clearly a clerical error. (*Lauchere* v. *Lambert*, 210 Cal. 274, 277 [291 P. 412] ; 14 Cal.. Jur. 995, § 72.) ▪ In the absence of statutory limitation a court not only has the inherent power, but it is its plain duty, to remedy clerical errors. ▪ Ordinarily neither the power nor the duty is abrogated or suspended by the pendency of an appeal, nor are they lost through lapse of time. (*Boylan* v. *Marine*, 104 Cal.App.2d 321-322 [231 P.2d 92].)

The provision of section 657 that an order granting a new trial on the ground of the insufficiency of the evidence ''shall be filed with the clerk within ten days after the motion is granted,'' was added in 1939. (Stats. 1939, p. 2234.) Prior to that time, a court had undoubted power to make a *nunc pro tunc* order correcting its minutes with respect to a former order granting a new trial, even though an appeal had been taken therefrom, by showing the motion was granted on the ground of the insufficiency of the evidence and the order had in fact been made on that ground but the clerk had inadvertently omitted from the former order the specification that

the motion. was granted for that cause. The recital in the *nunc pro tunc* order that the court had granted the motion on the ground the evidence was insufficient to sustain the verdict or decision and had directed the entry of its order on that specific ground, was controlling as to the facts. (*Lauchere* v. *Lambert,* 210 Cal. 274 [291 P. 412]; *Estate of Hultin,* 29 Cal.2d 825, 829-830. [178 P.2d 756].)

Defendant-appellant argues that the power of the court to correct clerical errors by a *nunc pro tunc* order is limited by the provision of section 657 that an order granting a new trial on the ground of the insufficiency of the evidence "shall be filed with the clerk within ten days after the motion is granted." He relies on *Thomas* v. *Driscoll,* 42 Cal.App.2d 23 [108 P.2d 43], *Cox* v. *Tyrone Power Enterprises, Inc.,* 49 Cal.App.2d 383 [121 P.2d 829], *Whitley* v. *Superior Court,* 18 Cal.2d 75 [113 P.2d 449], *Dempsey* v. *Market Street Ry. Co.,* 23 Cal.2d 110 [142 P.2d 929], and *Gursey* v. *Campus Camera Shop, Inc.,* 98 Cal.App.2d 257 [219 P.2d 884], in support of his contention.

In *Thomas* v. *Driscoll,* 42 Cal.App.2d 23 [108 P.2d 43], the order granting a new trial was entered in the minutes within 10 days after the order was made, but it did not specify the insufficiency of the evidence. More than 10 days after the new trial was granted the court entered an order *nunc pro tunc* in which it stated that the former order was inadvertently entered by the clerk, and ordered it corrected to show it was granted on the ground of the insufficiency of the evidence. The reviewing court held that section 657, as amended in 1939, requires an order in writing other than a minute entry by the clerk. (The holding in this respect was overruled in *Dempsey* v. *Market Street Ry. Co.,* 23 Cal.2d 110 [142 P.2d 929].) It was also held that the order must be "filed" within 10 days and that (p. 27) "[t]he contention that the court did not abuse its discretion by making the second order is beside the point. The amendment operates to deprive the court of discretion after the ten days have expired. If the court could make a *nunc pro tunc* order in cases where the grounds are the insufficiency of the evidence five months after the granting of the motion for a new trial, it would thereby effectively abrogate the statute which emphatically proscribes such an order after the lapse of the time designated. . . . In making the second order, the court did more than abuse its discretion; it exceeded its jurisdiction. To hold otherwise were to override legislative authority exer-

cised within its constitutional province." The holding of the Thomas case that the order specifying the insufficiency of the evidence must be placed of record with the clerk within the 10-day period has not been questioned in any later decision.

In *Cox* v. *Tyrone Power Enterprises, Inc.,* 49 Cal.App.2d 383 [121 P.2d 829], the only cause stated in the notice of intention to move for a new trial was the insufficiency of the evidence. The order granting the motion was entered by the clerk in the minutes on the day the ruling was pronounced. It said the order was granted "upon the grounds of inadequate damages." This court held that the statement in the order, construed with the motion, constituted a specification that the legal ground was the insufficiency of the evidence. After reviewing the history of section 657, it was said, page 393: "No court or seasoned member of the legal profession will doubt that the purpose of the legislature in enacting the above quoted amendments of 1939 . . . was to set up, in effect, a *statute of limitation* on the *time* within which a trial court can, either by original action or by *nunc pro tunc* order, specify *insufficiency of the evidence* as a ground for an order granting a new trial. The time within which a notice of intention to move for new trial may be filed is limited (Code Civ. Proc., sec. 659) as is the time within which the motion must be passed upon by the court (Code Civ. Proc., sec. 660), and it seems entirely logical, particularly in view of the broad discretion vested in the trial judge in passing on motions based upon insufficiency of the evidence, that there be a limitation on the time, after actual granting of the motion, within which the fact that this particular ground is a basis for the order, if such be the truth, actually shall be made a matter of record 'in writing . . . filed with the clerk.'

"It may be inferred with confidence that the legislature, in order to accomplish its purpose, deemed it necessary to require both that the ground be specified in writing *and* placed of record with the clerk within the limited period because it could be contemplated that records inevitably would appear before courts of appeal, declaring, by virtue of *nunc pro tunc* action subsequent to the ten-day period, that the trial court's records as originally inscribed failed to specify the mooted ground only through inadvertence, it having been truly a basis of the order (sustainable on no other ground)—and without the dual requirement, certainly such *nunc pro tunc* order, under a long line of cases, would prevail."

In *Whitley* v. *Superior Court,* 18 Cal.2d 75, 78 [113 P.2d

449], it was said: "The fact that the legislature in 1939 amended section 657, subdivision 7, so as to impose a ten day limitation for filing such order for new trial, where no time restriction existed at all prior to this recent enactment, demonstrates the legislature's intent to change the pre-existing law, and it must be presumed that it was intended to change the statute in all the particulars where there is a material change in the language of the amended provision. . . . Manifestly, if this new requirement is not construed as mandatory, the rule regarding the filing of such order will remain the same as it was before the enactment of the amendment, which interpretation would render the amendment nugatory. Another circumstance to be noted in our consideration of the intended character of this statutory language is the fact that a penalty is attached to a failure to act in time. . . . When the time within which the judicial act must be done is jurisdictional, the court cannot circumvent the clear mandate of the statute by filing an order *nunc pro tunc*. In such a circumstance, it is immaterial whether the default be that of the court or of the litigant. Analogous to the instant case is the situation discussed in *Kraft* v. *Lampton,* 13 Cal.App.2d 596 [57 P.2d 171], wherein the trial court failed to make its order granting a new trial within the sixty days allowed by the statute (Code Civ. Proc., sec. 660), and it was held that the court, chargeable with such jurisdictional default, cannot accomplish by an order *nunc pro tunc* what it is prohibited from doing otherwise. We are not here concerned with a mere error of record, but with a failure to comply with a jurisdictional requirement.

. . . The above considerations impel the conclusion that the legislature by its amendment to section 657, Code of Civil Procedure, subdivision 7, intended to make it mandatory that a written order granting a new trial on the ground of the insufficiency of the evidence to sustain the verdict or decision be filed within ten days after the motion is granted or not at all, and that this time limitation applies to *nunc pro tunc* orders as well as to original orders made pursuant to this statutory provision." The Whitley case also held that a minute order made within the 10-day period specifying the insufficiency of the evidence is not the "writing" required by section 657. The holding, in that respect, was overruled in *Dempsey* v. *Market Street Ry. Co.,* 23 Cal.2d 110 [142 P.2d 929]. However, what was said with respect to the requirement that the order must be made a matter of record with the

clerk within the 10-day period has not been affected by anything said in any later case.

In *Dempsey* v. *Market Street Ry. Co., supra,* the order was entered in the minutes within the time prescribed by law and specified the cause insufficiency of the evidence to sustain the verdict. The precise question before the court was whether ''there must be a formal order written, signed and filed, as distinguished from a mere written entry in the minutes, when the motion is granted on the ground of insufficiency of the evidence.'' It was held that a written entry in the minutes specifying the insufficiency of the evidence constitutes compliance with the statute. In so construing section 657 the court declared, page 115: ''The provision of section 657 that the order shall specify the ground of insufficiency of the evidence 'in writing and shall be filed with the clerk within ten days,' indicates an intent that the ground shall be specified in some unmistakable way *and placed of record in writing within the ten-day period.* The only essential change in procedure is the requirement that the ground be stated and recorded within the prescribed time limit. . . . The amendments were undoubtedly adopted first, to stop the prior practice by appellate courts of assuming that insufficiency of the evidence was the ground for the order, except where that ground was not stated in the motion or was excluded by the order, and second, *to place a limit on the time within which the record may be corrected by a nunc pro tunc order.*'' (Italics added.)

While it may be true, as argued by plaintiffs, that what was said in *Thomas* v. *Driscoll,* 42 Cal.App.2d 23 [108 P.2d 43], *Cox* v. *Tyrone Power Enterprises, Inc.,* 49 Cal.App.2d 383 [121 P.2d 829], *Whitley* v. *Superior Court,* 18 Cal.2d 75 [113 P.2d 449], and *Dempsey* v. *Market Street Ry. Co.,* 23 Cal.2d 110 [142 P.2d 929], to the effect that (1) an order specifying the insufficiency of the evidence must be placed of record with the clerk within the 10-day period, and (2) an order which does not so specify may not be corrected after the 10 days have elapsed, was not strictly necessary to the decisions in those cases, we think they correctly state the consequences of the amendment of 1939. The dictum of a court is not always and at all times to be discarded. A correct principle of law may be announced in a given case, although it may not be necessary to there apply it, because of other principles on which the case may be decided. ■ The courts, in the cited cases, recognized that the correct construction of section 657, as amended in 1939, is that an order granting a new trial on

the ground of the insufficiency of the evidence must be placed of record with the clerk within the 10-day period, and if it is not done the order made may not be corrected *nunc pro tunc* after the 10-day period has elapsed. This construction loses none of its force as such because it was not applied in those cases.

Furthermore, what was said on the point in *Gursey* v. *Campus Camera Shop, Inc.*, 98 Cal.App.2d 257 [219 P.2d 884], was not *obiter dicta*. In that case a minute order reading, ''Motion for a new trial is granted,'' was made and entered on September 15, 1949. Seven days later a notice of appeal from the order was filed. ''On November 29 an order was filed by the trial court granting *nunc pro tunc* the motion for a 'new trial on all issues; and upon the ground of the insufficiency of the evidence to justify the decision and that it is against law.' In making such order the court stated that a clerical error had been made in the prior minute order when the grounds had been inadvertently omitted.'' Examination of the record shows that the court at the time it granted the motion ''announced'' it was granted on ''the ground of the insufficiency of the evidence to justify the decision.'' The court held, page 261: ''While much of the Whitley decision [*Whitley* v. *Superior Court*, 18 Cal.2d 75 (113 P.2d 449)] has been overruled, still it involved an order which was not made in pursuance of any of the prescribed methods defined by the Code of Civil Procedure. (*Howard* v. *Superior Court*, 25 Cal.2d 784, 789 [154 P.2d 849]), and its pronouncement has not been modified wherein it held that 'the legislature intended to make it mandatory that a written order granting a new trial on the ground of the insufficiency of the evidence to sustain the verdict or decision be filed within ten days . . . or not at all, and that this limitation applies to *nunc pro tunc* orders as well as original orders.' As to the Thomas case [*Thomas* v. *Driscoll*, 42 Cal.App.2d 23 (108 P.2d 43)], without regard to the manner in which the motion to correct the order, *nunc pro tunc*, reached the court, the holding of that decision has not been altered by the shifting scenes on the judicial stage. It was there definitely determined that a court cannot make a *nunc pro tunc* order, in cases where the grounds are the insufficiency of the evidence, after the lapse of 10 days following the granting of the motion for a new trial. That holding was emphasized by *Cox* v. *Tyrone Power Enterprises, Inc.*, [49 Cal.App.2d 383 (121 P.2d 829)] in a sweeping decision.''

There can be no doubt that the 1939 amendment of section 657, as construed in the foregoing cases, curtails the inherent power of the court to correct a clerical error in a minute entry granting a motion for a new trial. If the court, in fact, grants the motion on the ground of the insufficiency of the evidence, and that ground is not specified in a minute order, or in a formal written order, the error can only be corrected by a *nunc pro tunc* order made and entered within ten days after the motion is granted. The *nunc pro tunc* order of March 15, 1951, was, therefore, a nullity, of no force or effect; and the order of January 19, 1951, which did not specify the insufficiency of the evidence, stands as the order of the court.

The contention of plaintiffs-respondents that if section 657 is construed to require that an order specifying insufficiency of the evidence be placed of record within the 10-day period, it is unconstitutional, is answered by *Whitley* v. *Superior Court,* 18 Cal.2d 75, 81-82 [113 P.2d 449].

Since the order of January 19, 1951, did not specify that the motion was granted on the ground of the insufficiency of the evidence to sustain the verdict, it is conclusively presumed it was not based on that ground. In the present case it is not suggested that there is any error which would justify a new trial, with the exception of the insufficiency of the evidence. The order must, therefore, be reversed.

The order of January 19, 1951, is reversed.

Shinn, P. J., and Wood (Parker), J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied May 29, 1952. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.