[Civ. No. 19510. Second Dist., Div. Three. Dec. 15, 1953.]

BENITA GREENMAN, a Minor, etc., et al., Respondents, v. LLOYD IRWIN ROGERS et al., Appellants.

Parker, Stanbury, Reese & McGee and Raymond G. Stanbury for Appellants.

Joseph Lewis for Respondents.

VALLÉE, J.—Appeal by defendants from an order granting a new trial in an action for damages for personal injuries. The cause was tried by a jury with the verdict for defend-

ants. The order granted a new trial to "Martin Greenman as Guardian Ad Litem of Benita Greenman only." It did not specify that the motion was granted on the ground of the insufficiency of the evidence to sustain the verdict, or the ground on which it was granted.

Since the order did not specify that the motion was granted on the ground of the insufficiency of the evidence to sustain the verdict, it is conclusively presumed it was not granted on that ground. (Code Civ. Proc., § 657; *Roth* v. *Marston*, 110 Cal.App.2d 249, 257 [242 P.2d 375].) It is the duty of the court on an appeal from an order granting a new trial which is not grounded on the insufficiency of the evidence to sustain the verdict, to consider the entire record on which the order was based to discover whether there was any error which would have justified the trial court in making the order. (*Renfer* v. *Skaggs*, 96 Cal.App.2d 380, 385 [215 P.2d 487].) If the order is not sustainable on some ground other than the insufficiency of the evidence to sustain the verdict, it must be reversed.

The accident was a collision between two automobiles in a street intersection. Respondent argues the sufficiency of the evidence only—that the intersection was blind, respondent's car entered first, appellant driver did not see respondent's car until it was about 10 feet from his car, and appellant driver was guilty of negligence per se as a matter of law. Respondent does not suggest that the order was made for any cause other than insufficiency of the evidence to sustain the verdict. We have examined the record to discover whether there was any error which would have justified the court in making the order and have found none.

As we have noted, the order granted a new trial to "Martin Greenman as Guardian Ad Litem of Benita Greenman only." Appellants urge that the order fails to grant a new trial to anyone. It is unnecessary to decide the point. Since the order did not specify that the motion was granted on the ground of insufficiency of the evidence to sustain the verdict, and since there was no error which would justify the granting of a new trial, the order must be reversed irrespective of this question.

The order is reversed.

Shinn, P. J., and Wood (Parker), J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied February 10, 1954.